Good morning, Your Honor. Tim Volpert for United States Bank, the appellant in this matter. This is an appeal from a class action fairness remand from state to district court, from federal to state court. I just want to, by the way, I hope to reserve five minutes if that's possible. The district court erred here in at least three respects that I'd like to give you an overview of. First, it concluded incorrectly that the complaint specified an amount below the jurisdictional amount. It did not. Second, the district court erred in failing to consider the evidence submitted and to apply any known standard to that evidence. Third, instead of examining the evidence, the district court expressly held that, quote, plaintiff is essentially bound by her allegation that the amount in controversy will not exceed $5 million, end of quote. As I recollect from when I was a district judge, the law was that the complaint controlled, that the complaint specifically pleads less than the federal jurisdictional amount, and if removed, it should be remanded. And then there was another provision that said if a case initially not removable to federal court becomes removable, then the parties seeking removal have 30 days. Does that apply here so that if she filed an amended complaint in state court pleading more than $5 million, it would, you would have 30 days to remove? Yes, I think, yes. In fact, I think it's a year now, if I'm not mistaken. I think the statute's been changed, and I think that under general removal law, it's a year. Under the Class Act and Fairness Act, there's no limit on when the plaintiff, or that year is basically lifted. But you now have a year to remove it if she amends her complaint and demands more than $5 million. If she were to amend her complaint within a year, we could seek removal. If she amends her complaint within three years, quite frankly, we could seek removal. The problem is that at that point, this case is so far advanced. I think I must not ask my question right. Let's say in a year and a month she amends her complaint and she says, I'm entitled to $10 million, not $5 million. The way I remember the law as it used to be, you then had 30 days to remove it. Is it still that way? I believe it is, yes. What I want to point out, Your Honor, is that. But there's no limit on the amount of time that the case can progress. That's correct. If she amends her complaint, for which you can still remove it. Under the Class Act and Fairness Act, that's correct. So that if this case progressed all the way through the state court and you got three years out or four years out in a case like this, and all of a sudden the plaintiff was willing to acknowledge in a pleading that the amount does exceed the jurisdictional amount, in theory, the defendant would have an opportunity to remove that case. And I say in theory because that would obviously put the defendants at a significant disadvantage in a class action. Let's suppose that I just assume that I disagree with you that the complaint does not specify an amount less than $5 million. So let's assume that the complaint says we're entitled to recover an amount not to exceed $5 million, which I think is what the complaint says. What consequences are there for the class under Oregon law? Can they recover more than $5 million without amending the complaint? No, not without amending the complaint, and nor under Oregon. They would be limited. Even if a jury came back and says, gosh, look at all these plaintiffs that opted in, and we calculated the hours, and it comes up to $6 million, does the trial judge in Oregon have to reduce that to $5 million? I think they would because Oregon does not allow fluid recovery. It doesn't allow there to just be a certain fund and then tell the claimants, well, everybody come in and we'll divide it up. Recovery in Oregon has to be per claimant so that eventually, you know, you'd be leading in a case like this. If the plaintiff's allegation is incorrect, you'd be leading toward essentially a train wreck in a case like this, Judge Bivey, because you'd be, let's say the class gets certified in Oregon law, you proceed all the way down to the end, and you have most of the people available, most of the class members decide that they are participating in the lawsuit, and all of a sudden you don't have enough money. In Oregon, can you amend the complaint at the end to conform to the judgment? Yes, there are provisions in Oregon to allow you to amend to conform to the judgment. It is possible that the plaintiffs could amend their complaint, but at the very, very end of the case, after the jury has come back, the jury comes back and says, we totaled all these hours up and we had no idea what it was going to look like, and now it looks like there's $7 million here. They could come in and say, well, we amend our complaint to recover $7 million. Yes, yes, that's entirely possible. At that point, it's way too late. I'm sorry? That would be at the discretion of the trial judge. That would be at the discretion of the trial judge. Now, however, in Oregon, if the amendment is made before, it is still in the trial court's discretion, but under Oregon procedure, as we cite in our brief, amendments are to be granted freely as justice requires, and I can tell you. Let me hypothesize for the moment that a judge would, reading a complaint that says, in total, less than $5 million, and taking into account the legal framework, where those words are carefully chosen by the plaintiff to stay in state court, a judge would exercise discretion not to permit amendment to raise it over $5 million. It seems to me that the case then comes down to whether the attorney's fees should be counted as part of the $5 million. Traditionally, attorney's fees are treated as part of costs. However, you have argued, and there are some cases that support your argument, that where the attorney's fees are provided for by contract or by statute so that it's an English rule case, then attorney's fees are not treated as costs. Something that has always struck me as funny about that argument is that in England, under the English rule, attorney's fees are treated as costs. Have I got the framework right so far? That's up to my next question. I want to make sure I understand the argument. Yes, certainly it is our position, and we think it's fairly clear, that attorney's fees in a case like this are included in the jurisdictional amount. They're treated as part of the ad hominem rather than as part of costs. Correct. Now, is it correct that there's authority both ways on that, and do we have leeway to decide either way whether attorney's fees are part of the ad hominem or part of the costs? I think that it's, as I said, I think that it's fairly clear in this state that they are part of the ad hominem and not part of the costs. Excuse me, in the circuit. In the circuit, you mean? Yes. In which case do you think makes that sense? Well, I think we cited that in our brief. Well, Your Honor, if it's okay, I'm going to identify that. Instead of taking the time, I will identify that here before the end of my argument. Would that be okay? Just so I can remember. Yeah, I'm sorry. It's in our brief here somewhere, and I will certainly do that. But that, and are you still, is there a line of questions here? Do you want to complete your? I wanted to know. Okay. I will find that out. We do cite that in our brief. And that brings me to the issue of the complaint and the trial judge, the district court's error in our view in saying that the amount is specified in the complaint. And I think that it's easy to be misled, but I think if you analyze what they've alleged, you see, especially in their prayer, you see that they have not specified amount in their complaint. On the first page in the caption, it indicates the aggregate claims do not exceed $5 million. And on paragraph four of the complaint, it says the aggregate total of claims pled herein do not exceed $5 million. First point, that is not a specific pleading of damages. That could be $2. That could be $4,999,000. But then you go to their prayer. And I think the important point here is you go to their prayer and notice what it says. It says, wherefore, plaintiffs and members of each class request the court award such damages in total less than $5 million as set forth for unpaid wages and penalty wages, semicolon. Then it says, award plaintiffs attorney fees and costs of suit. So if you look at what they're actually asking for, it is not at all clear that they have specified an amount below the jurisdictional limit. If anything, it's more likely than not that they specified an amount above the jurisdictional limit here. That's only if attorney's fees, costs, and expenses of suit are counted as part of the abdomen. Yes, well, that's correct. In Alaska, for example, we have jurisdictional limits for the courts, and we follow English rule. Alaska doesn't follow the American rule. Right. But because of, I think in 1938, Yale Law Journal on costs, it's always been the view that attorney's fees are part of costs and they do not affect the jurisdictional limits of various courts. And I think that was copied from a lot of other laws. It's not unique to Alaska. Well, I will try to get you the case site before the argument is over, Your Honor. But I do want to point out that even if attorney fees are not included, you still do not have a specific pleading, such as is referred to in Abrego-Abrego as a situation where the issue is up in the air. You do not have a pleading of less than, I'm sorry. Not specific as to exactly how much she wants, but it is very specific that she wants in total less than $5 million. It is a conclusory pleading that she wants in total less than that she wants. The only way you can get into federal court is if you have a specific demand in excess of the federal jurisdictional requirement. Well. For example, where a plaintiff says damages in an amount to be proved at trial. Ordinarily, as I recall, you can't remove the case from federal court. The plaintiff has to say damages in excess of $75,000. I think, Your Honor, that in the Singer case, which was a California statute not specifying damages, I think the court, and I think it might have been your opinion, I think the court upheld federal jurisdiction looking at the evidence and based on the admission that was made by the attorney for the plaintiff that the total amount of the claims exceeded $5 million. So I think that basically if you look at the laws summarized in Abrego recently, any way you look at it, the court is required, the district court is required if there's a challenge and if the case is removed and challenged, the district court is required to look at the evidence based on some standard. It might be a legal certainty standard. What you said in Singer was that it was a mechanical test where the court simply reads the dominant clause, but it was supplemented in that case by a formal judicial admission. In the Singer case, the dominant clause didn't specify an amount, which is, of course, the case here, too, if you get precise. They have not specified an amount. So I hope that answers your question. But the important point here is that the trial court erred no matter how you look at it. Now, the result, you may conclude the result was correct, but in terms of analyzing, the trial court did not apply any standard to the evidence that was submitted. The trial court made a mistake. The trial court essentially said, I'm not going to apply a legal certainty standard. I'm not going to apply a preponderance of the evidence standard. I'm not going to apply any standard to the evidence. I'm going to come up with a standard that has heretofore never been heard of in this circuit or as far as I know any other circuit. And that standard is, I have to accept the pleading unless there is evidence of bad faith. And I think that if you look at that precise part of the trial judge's decision, you will realize that I think, frankly, I think he just misread a case or perhaps misspoke, quite frankly. He said that, you know, he said that if the plaintiff proves more than the jurisdictional amount, excuse me, the general rule is that if the pleading proves more than the jurisdictional amount and the pleading appears to be in good faith, you apply a legal certainty standard. What the trial court said is he said, if the plaintiff proves less than the jurisdictional amount, then you must accept the pleading unless there is evidence of bad faith. And I think if you look at the cases that the trial court cites, they don't support that. It's almost as if he just confused more and less and then flipped over the good faith standard for legal certainty to the bad faith standard. But in any event, he did not apply any standard to the evidence. What he said was, I've got to accept it. And that's simply not the law of this. It's plainly not the law of this circuit. So at the very least, the district court should have been required, should be required, or this court preferably could do this under the circumstances, but should be required to look at the evidence and apply a standard. And it's our position that under these circumstances, as I said, that there's no specific dollar amount alleged, and under the cases cited in Abrego. The way you look at the evidence, the whole thrust of the law from St. Paul onward, and that's now, what is that, 79 years ago, is you do not look at the evidence. You mechanically read the complaint. If the damages are not specified, is that what you're saying? Well, it's not exactly that they're not specified. What is specified is that the complaint does not specify an amount in excess. Well. And what we said in Gauss was that was, we started to have states, as in Gauss and in Singer, where some states prohibit stating an amount in the abdomen. So in Gauss, we interpreted it in Singer to mean that where the plaintiff does not claim damages in excess of $50,000 and the defendant offers no facts to show that the amount in controversy exceeds $50,000, then the defendant has not borne the burden on removal, proving that the amount in controversy requirement is satisfied. And we have submitted. If the defendant has the burden approved. We don't question. We don't question that the defendant has a burden approved by the ponderance of the evidence. But the district court didn't allow us to prove it by any burden approved. I don't see how you could prove by any burden approved that the plaintiff is entitled to recover more than $5 million when they have specifically set out in an abdomen that they seek recovery less than $5 million. No. Unless you establish that costs and attorney's fees are stacked on top of it. Well, I think that if we establish costs and attorney's fees are stacked, we can prove it that way. I think we've proven it in this case by showing that if you take the – we're in a situation here where we have the – we know the size of the class. We know how many people left U.S. Bank during this period of time. And we know a statute – The plaintiff is the master of his complaint. The plaintiff can decide to forfeit some damages. In fact, in that Walmart case that we just published, the way the majority found that a class action was justified was by saying, well, the plaintiff can walk away from compensatory damages if they want to so that it's predominantly equitable. I would ask the court to recognize that in the Class Action Fairness Act context, the rules should be different. And that's why I think in Abrego the court said that these create difficult problems. In the context of the Class Action Fairness Act, we know that Congress enacted a rather extraordinary expansion of federal jurisdiction. And we know that they did it because primarily they wanted to get suits – class action suits in federal court where possible. Now, the problem here – yes, sir. Counsel, in Oregon, isn't the Oregon procedure require an opt-in?  It requires – when the complaint is filed, the class is – the proposed class is set. And then after the class is certified, then individuals have to indicate if they want out. So it is an opt-out once the class is certified. Yes, and then there's another notice down the line, a second notice, where individuals are asked to provide specific information about their claims. How is that different from Rule 23? Well, I think Rule 23 is – well, I think that Rule 23 is – I don't think that there's any option for individuals to opt out. I'm speculating about that. I'm sorry. But I don't think there's any evidence that there's any option for them to opt out. So the Oregon rule tries to remedy that problem. But here's the big picture I hope the court understands and why I think the standard should be different or there should be a special standard in CAFA that at least allows the court to look at the evidence. And I don't want a parade of horribles. I could give you a long one. But if you think about this, all the plaintiffs in a class action case – and by the way, these are not the plaintiff's attorneys sitting here. These are the proposed plaintiff's attorneys. And Ms. Loudermilk is not the plaintiff. She is the class representative. She's the proposed class representative. If you let people make allegations to say that just flatly it's under the jurisdictional amount, then it would be virtually impossible – and you don't examine the evidence. Then it's virtually impossible to remove this case. That makes no sense to me. Of course, it's impossible to remove a case if the jurisdictional amount requirement is not satisfied. But then look what happens. Congress didn't say we want all the class actions in Federal court. It just said we want the big ones, the over 5 million. But look what happens. And we said in Singer the plaintiff, after all, creates the controversy and is the master of the claim and decides how much money to demand. You're saying, well, they're only demanding less than 5 million, but they could be entitled to more than that. So we should be able to remove it. Here's the reason. We need to be realistic here. It is crystal clear that these proposed plaintiff's lawyers and this proposed class representative can walk into court in a year or two from now and ask for an amendment of that complaint. And then you've got 30 days to remove it. And by the time we do that, all of the crucial decisions could easily have been made. The class determination distinctions, summary judgment decisions could have been made. Everything is done. And then at the last minute, we remove it to state court or to Federal court. And as I understand in this circuit, the basic rule is that you take the case, the Federal court takes the case basically where it is unless, you know, some of the standards are different. But so the bottom line is you're all the way along and you're four years or five years into this case and it becomes clear that the claim is. We've got three courts in Oregon. Well, Your Honor, apparently, I mean, the point is Congress wanted these cases in Federal court. Only if they're only over five million. Right. And so the nub is figuring out how much they are. And the nub is whether you have to ask yourself, did Congress intend for this to be put around so easily? Wouldn't Congress at least have thought that if there's some reason to suspect and some evidence that we've come forward with, that this is really a $20 million claim potentially. Wouldn't Congress have wanted courts to give some scrutiny to the evidence? Just some. Or would Congress have just wanted to say rubber stamp? Because if you can rub, if the court has to rubber stamp the amount alleged, then there's none of these claims are going to get certified. Now, excuse me, none of these claims are going to get removed. Plaintiffs are going to file the claims. And then they know darn good and well that four years from now the court's going to allow amendment. The court would basically have no choice but to allow amendment under Oregon law because at that point they've got it so far along and it becomes clear that there's more claimants than there is money. And all of a sudden, what's the court going to do? And all of this, all of this problem occurs not because of an allegation that the actual class council has filed or that the actual class representative has filed, but by the proposed representative. Now, the Ninth Circuit case called Goldberg, I didn't read it really carefully, I just skimmed it, and it says the potential attorney's fees do not satisfy the jurisdictional amount. They may not be aggregated. Is that distinguishable here? Well, our case, Your Honor, is Galt v. JSS Scandinavia. It's cited on page 12 of our brief. It's on page 21 of your brief. And you've said there that a complaint seeks attorney's fees pursuant to statute. Those fees are added to the damages in calculating the amount of controversy, which I think was Judge Kleinfeld's earlier statement. Are attorney's fees provided for by statute in this case? I believe they are. Yes, they are. All right. Yeah. Yeah, cool. It came out about the same time as Goldberg. It said the opposite, didn't it? I don't know that Goldberg did, frankly, Your Honor. But I do want to make an additional point here, and that is that, and I don't really know. I've never been able to figure out how to fit it into the analysis, and maybe it doesn't fit. But, you know, the plaintiffs, another reason that you should allow a district court to scrutinize evidence in this regard, to look at the evidence, is because even proposed counsel and even proposed class members have an obligation, a fiduciary obligation or something of that nature, to the members of the class. And there needs to be some scrutiny over someone just walking in and filing a complaint like this. I'm not suggesting it's the case with these people, but with these folks on our opponents here. But I'm saying that it would be easy for a plaintiff's lawyer to sell out the class. Well, Mr. Goldberg, do you agree that we should determine whether or not the plaintiffs have made this or filed this complaint in the form it is, in bad faith, and that that would be the case? No. No, I don't think that's the determination. I don't think bad faith comes into it. I think you have to prove, under these circumstances, I think that we have to show by a preponderance of the evidence that it is more likely than not that this claim will exceed the jurisdictional amount. And you say that's not a showing of bad faith or anything? No, it's not. Well, not necessarily. I mean, they could be wrong, I guess. In other words, I don't think it's fair to put a bad faith burden on the defendants either. I think the burden should be whether a claim will exceed that amount. Now, if we can prove by a preponderance of the evidence, as I think we have, that this claim that they say is less than $5 million is really $20 or $30 million, you could certainly draw an inference of bad faith. But that's not our burden. Our burden is to put on the evidence. And in this case, of course, we put on evidence, and the other side didn't put on anything. I think I get your point. Yeah, I just get it. Thank you. One last question, counsel. Under CAFA, we are required to issue an opinion within 60 days of the granting of the petition, which would be sometime about the 20th of this month. I'm wondering whether you had any objection to the court taking additional time. The Ninth Circuit is asking me if I object to an extension. That's what the law says. The irony has not been lost on me, counsel, but that's what the law says. I know it does. But I have no objection. May it please the court, I'm Jackie Koch. I'm here on behalf of the plaintiffs. And in terms of the question of CAFA and how the court ought to approach it, I believe the court answered that question in Abrego and decided that it isn't any different. You still have to prove the same things that you always did in order to have jurisdiction in federal court, and it's still the burden of the defendant. The burden of the defendant to do what? To show that the jurisdictional amount has been met in order for it to be in federal court. How do they go about showing that? Well, in this case, they can't because it's pled for less. But your complaint, I suppose, and if you said we have a million plaintiffs and each one is going to have a minimum claim of $10 million. I believe that that probably would settle that because you could multiply it. In your prayer, you say, we only want 5 million. We don't want any more than 5 million. Now, would they look at the complaint and say, well, they have pled that their damages are going to exceed 5 million, therefore their prayer must be asserted in bad faith. And then we have cases that say, well, you can take less than the jurisdictional amount if you want to avoid federal court. Correct. And I agree. You've stated it in the sort of the, you know, the obvious case where it's millions and millions versus 5 million. So that's sort of hard to answer. But in general, as I understand the law, the plaintiff does get to decide to claim less. Well, in this case, you can look at the complaint and say, well, they've pled a certain amount of late payment, if you will. And you could count up the numbers of potential plaintiffs they're going to have and what their numbers are going to be and come up with certain theories as to how that could exceed $5 million. No, you couldn't. Well, in response, you would say there are not going to be that many plaintiffs. The claims aren't going to be that great. And you could argue over all of that. Well, the complaint doesn't list any of those things. And so the evidence that was presented was not admissible. And the analysis is not very helpful at all. It was not in the complaint at all. There was nothing to compute from the complaint. No. The defendant raised various things and said, well, we think there's this many people that were gone in six years, for example. Well, if you look at the complaint, it says this late pay is for the period of three years. You see, all of that gets into a lot of application of what might be or what might result from the trial. Exactly. And it's pretty hard, even though counsel, opposing counsel talks about the ponderance of the evidence, pretty hard to say what the damages are going to be. Exactly. The plaintiff, on the other hand, has said there are going to be less than 5 million. And so the district court says, well, I'll go with that. And if it turns out to be more later on, you can always come back. Correct. Could you deal with Galt on the question of whether you add the attorney's fees? Galt is real bad for us on that question. I don't understand just how you would avoid Galt. Well, I was hoping to read the case that Your Honor cited in Goldberg and see if it helped. I don't know that we do, Your Honor, in terms of – I don't know whether the cases – that case is avoidable, to be honest with you. It may or may not be, depending on the other case that the court cited. In terms of the overall proposition, though, it does not mean that this case, therefore, ergo, is over 5 million. Give us your best shot. If we and you are subject to Galt, then do your damages, including attorney's fees, exceed $5 million? No. Do you believe, then, that the damages that your class would be entitled to, if let's assume that it was $1 million in attorney's fees, would be less than $4 million? Well, I'm not assuming how much the attorney's fees would be, I guess. We have to make some assumption after we've got Galt. We have to make some assumption, don't we? Because you've told us that attorney's fees plus damages are going to be less than $5 million. But, yes, we've said the whole thing is going to be less than 5 million. And that's what it would be. Now, presumably, it – when the case proceeds, knowing that this is – that Galt's a problem, the defendant could use that to keep pumping up all of the problems, all of the fees, so that all of a sudden there is a legitimate problem that's going to force this over 5 million. But there's a reason. I'm getting more confused instead of less. Oh, dear. The judge has to make a decision when the motion to remand is before him. Correct. And it's the defendant's burden to show that the case satisfies the jurisdictional amount. Correct. The defendant put in some materials that suggest that the case, if successful, would generate more than $5 million. I'm trying to figure out what there is on the other side. There's a complaint that says we don't want more than 5 million in the abdominal plus costs. You've got Galt that says he can't cost. So I read that as a complaint for damages in an amount not to exceed $4,999,999 plus something in excess of a dollar. How do we – Oh, I see. How do we get Judge Galt to say this is less than a $5 million case? Am I – maybe I'm – maybe I should try to clarify with you what you're seeing. Are you supposing that the attorney fees are not part of the pleading that it's less than 5 million? Is that the problem? Mm-hmm. Well, I think actually in the pleading itself – Yeah, because it says here in the relief, it says, in total less than $5 million, award plaintiff attorney's fees, costs, and expenses, and such further and alternative relief as may be appropriate. Yeah, I had assumed that attorney's fees were on top of the total less than $5 million. Is that not so? No. If I – I'm looking at ER 14. I didn't see the word attorney's fees. There's a word and there. A co-counsel pointed out to me that attorney's fees are generally a percentage of the recovery, so it wouldn't go above it. Whoa, whoa, whoa, whoa, whoa, whoa. Attorney's fees are a percentage? What percentage are they? I mean, the math doesn't work out unless you can tell me what the recovery is. If you collect $4,999,999 and you collect a percentage of that, all you have to collect is 1%. You're over a dollar. No, I think what we're saying is there's this amount of money. Part of it goes to the lawyer. Part of it goes – It's like a contingent fee. Yes. I don't think that's right, though. I thought under the statute, though, that controls wages and hours, there was a statutory right to attorney's fees on top of the money that the employees didn't get paid. There is a statutory right to fees, but I don't know that that is a requirement that it couldn't be done on a contingency basis as part of recovery. You just argued something different. You just argued that it – that's not an argument that it couldn't be done that way. What does the statute say? The statute says that the prevailing employee is entitled to recover attorney's fees. What does Oregon traditionally do when it awards attorney's fees? Does it award a contingency fee? Is that traditional in Oregon? Yes, there are contingency fees. We've had a couple of cases earlier this week on attorney's fees. I thought that – I thought that Oregon did it differently. I don't know that they do it the same in every case, Your Honor. Okay. Is there anything that's unique about the wage and hour laws and that statute that suggests that it would be done as a contingent? In fact, it almost seems counterintuitive to me that in a wage and hour law that you would take a – that you would take a contingent fee out of the recovery owed to employees. Well, in response to your question about the statute itself, there's nothing in it that specifies one way or the other. No. So I'm – so that's why I'm wondering why you're arguing that it – that it's contingent. I understand that you're arguing that it could be done as a contingent fee. Mm-hmm. But is there – do you have any cases out of Oregon or any – I mean, can you tell me anecdotally this is the way it's been done in other wage and hour cases? Anecdotally, it has been done that way in other cases. I don't understand why it matters. I don't understand why it matters whether the lawyer contracts with his client for the court-awarded attorney's fees or one-third of the total awarded. What matters is the amount that counts toward the $5 million against the defendant. And I'm looking now at the Oregon statute, 655-200. Correct. And it looks like the attorney's fees are in addition. So if your unpaid wages are $4,999,000, the attorney's fees are in addition. And 653-055 is the same way. It's in addition. So it really doesn't matter if it's contingent fee or just taking statutory attorney's fees. In English-ruled jurisdictions like Alaska, sometimes the lawyers contract for contingent fee because it's fair to the client. Otherwise, the lawyer can wind up with more money than the client. Sometimes they contract because the load star amount can be greater than the client's damages. Sometimes the contract is for court-awarded attorney's fees. I don't see where that matters either way. I see. It's the jurisdictional satisfaction of the jurisdictional limit for removal. And I guess that in terms of what the trial court did here was say that the defendant did not show that this case is for more money than the $5 million, the less than $5 million that was pleaded. Was there to show the judge that it was going to come to less than $5 million with attorney's fees? The pleading. The pleading? How did – okay. How does the pleading say it will come to less than $5 million even with attorney's fees? Very – I'm sorry. I didn't – I was listening. Excuse me. How does the pleading say, show me the words that say that the total judgment should be less than $5 million including attorney's fees rather than plus attorney's fees? All right. Well, for one thing, in the heading it says the aggregate of claims would include attorney's fees. What? Yes. Where is that now? The cap. It says aggregate of claim, and you're saying we should infer that that means attorney's fees. It doesn't say so. It doesn't say so, but it says – Where does it say so? Where is there something a little better than that? It is something. It says something better than that. Well, and I guess I keep coming back to the fact that each of these claims includes the entitlement to a claim. But if you look through the complaint, all of the – each of the claims for relief includes within it the claim for attorney's fees. So whether it was contingent – Right here. Just show me the words you're talking about. Okay. On ER-12, it says – I mean, this is for the entitlement of a person. Paragraph 31, plaintiff is supposed to use the contract to issue unpaid wages for the relevant statutory period. Plus plaintiff's cost of this person's decree is due to or is due to suffice it to 200 subpoenas. I see the plus there, and that seems to cut against what you just said instead of for it. I don't think so. And this may simply be a question of reading the claim, but the way I'm reading it, Your Honor, is this is part of the claim. In other words, we're seeking our wages plus our fees and costs. But that's all part of the same claim. So in other words, what the judge – I think what the trial judge saw is that this complaint is saying everything that we're entitled to is less than 5 million. So I don't – I don't think what – I think that the trial court read the complaint properly to say we are limiting everything that we can get to under 5 mil. Suppose the complaint were to be construed in that fashion. Is there any way at all that the defendant could then get the case removed to federal court? Stay in federal court? Yes, Your Honor. The – well, if – if, in fact, the plaintiff went back and tried to amend, I think that quick like a bunny they could be back in federal court. You betcha. Because that would be obvious. And if the complaint were to say that the total claims here, everything, attorneys' fees, costs, everything else, will be less than 5 million dollars, then there's no way that the defendants could attack that assertion. Is that your position? I think absent a showing of bad faith of some sort. How would they show the bad faith? I don't know because I think the plaintiff is entitled to limit her claim. But here they attempted to show the number of employees and what the claims might be and added up some 13 million dollars for the, I think, the late payments. That was what they did, but right on its face it's problematic because if you look at the complaint it says the claim is for three years and they're counting six years' worth of employees. And they're counting 30 days for every single one. That may well be. In other words, their evidence is not evidence that shows to a legal certainty that plaintiff's claim is for more than 5 million. And that's their obligation. If your complaint can be construed the way that I suggested, but if it's construed the way it seems to be written, you're asking for less than 5 million, whatever that means. That might mean 350,000 dollars. It might. Plus attorney fees might mean another 100,000, so maybe it means 450,000 dollars. I don't know what it means. Well, in fact, Your Honor, under Oregon law, this was a question that was raised between the difference between FRCP 23 and Oregon law. The, or did I say the wrong number? Sorry. Under federal law and Oregon law, under federal law there would be more money because there'd be a fund and it wouldn't go away. Under Oregon law there would be a fund, but in order for anyone to collect it they'd have to come forward. It is an opt-in or is it? To get the money at the end. If they certify the class. If they certify the class. Let me start there. If they certify the class, everybody's in. Everybody's in. Unless you specifically opt out. Right. Is that correct? Correct. Okay. And then, but there's another step. You don't get the money unless you then come forward and make a claim. So the chances in Oregon of that, all of these people collecting is, well, slim to none. I mean, the percentage of people who actually come forward and collect is, I'm sure the Court can imagine, is quite small, comparatively speaking. Counsel, one of the ironies of watching this argument between you, of course, is that Mr. Bolpert is up here saying the plaintiffs want lots of money, and the plaintiffs are jumping up and saying, no, we don't. And that seems very sort of backwards to us. Indeed, because they're arguing, oh, please let us be in federal court where there would be this fund that we'd have to give up and be much more money. If you were in an ordinary diversity case, representing Ms. Loudermilk as a sole plaintiff, you could, of course, waive any damages above $75,000 in order to defeat diversity jurisdiction. I assume that you're not willing to do that here. I assume that you're not willing to waive damages above $5 million in order to ensure jurisdiction in an Oregon State court. I don't know how to answer that. Well, if you were to tell the Court, we're prepared to waive, we're prepared to tell you that we will stipulate that we will not recover anything more than $5 million. And we waive any damages above that. It seems to me that because you're seeking class action certification, that might be a substantive reason for disqualifying you as a class representative. I didn't understand. If you're waiving damages that might belong to the class. I'm not prepared to waive anything. So what you really are doing is reserving your right to amend your complaint. I expect that if something happened where a complaint had to be amended and federal jurisdiction came up again, that that would happen. Okay. Counsel. But that's not what is being foreseen. In the course of filing a brief and making your argument here, you've made certain representations both to the district court and to this court that the damages will not exceed, your good-faith damages will not exceed $5 million, including attorney's fees. Now, if next week we were to decide this case in your favor, and the following day you were to go in and amend your complaint, or you were to do so at a very quick period after that, would you be subject to any kind of sanctions by this court? I hope not. I'm just curious what obligation of representation you have to this court. I mean, how honest do you have to be in your heart that you are not going to be seeking damages above $5 million in order to defeat jurisdiction that the defendants would otherwise clearly be entitled to under the CAFA? And should a ---- I'm having a problem answering that because for a couple of reasons. And one is that under the law, you are entitled to seek damages under $5 million in order to defeat federal jurisdiction. And the other problem I have is that ---- in such a way that you can come in late to game the system. Let me say game the system. I think ---- By coming in at the end of the trial and saying, okay, now I reveal my hand, this is big bucks, and I'm amending my complaint. And remove it to federal court if you want, but all the damage is gone. All the evidence is in, the jury's, and so on. All I can say to that, Your Honor, is that in terms of what I do know about the case, and which is relatively little as the appellate counsel, but as I understand the allegations of the complaint and understand what defendant has posited, it does not appear that this is a case in which what you're describing is likely to happen, where there suddenly would be a lot more damages than the $5 million, given the way Oregon law works. I don't know what else to say. I mean, have I the ability to know everything that U.S. Bank knows? No. Does the plaintiff know everything that U.S. Bank knows? No. I think you've exhausted your time. Oh, I'm sorry, Your Honor. One last question. Same question I asked Mr. Goldberg. Do the plaintiffs have any objection to the court taking additional time to prepare an opinion in this case? I ask counsel, and the problem, Your Honor, is this. The trial court has stayed the case, the state court has stayed the case, pending the outcome of this. And so that is, what's moving this, then? Do you have additional deadlines? If you've got to stay in place, then the whole thing won't move until we're resolved here. Yes, that's the point, Your Honor. For the plaintiff's side, obviously they want it to move in state court. Okay. So you do have an objection, then, to the court taking additional time? Yes, Your Honor. Thank you, counsel. Counsel, you went over your time, but if you need 30 seconds to rebut, I don't have anything to add unless you have questions. Thank you, though, for the time. Loudermilk v. U.S. Bank is submitted.
judges: Thompson, Kleinfeld, Bybee